## KATE H. DOCKRAY *vs.* CHARLES R. MILLIKEN.

Cumberland. Opinion December 15, 1884.

*Dower. Improvements. Appraisers. Practice. Writ of seizin.*

The demandant's husband, in 1868, shortly before his death, gave her a deed of warranty of a homestead; as his executrix she did not inventory it with his estate; she remained in possession until 1878, renting the property, when she was ousted by the defendant, claiming under mortgages from the husband, of an earlier date than her deed; during her possession she made some payments upon the mortgages. *Held:* That the demandant is entitled to dower in the premises; that the facts do not constitute a waiver or an estoppel to prevent it.

The owner should be allowed for improvements properly added to the premises. An ell, containing a dining room and kitchen, annexed to the house, and erected to make the premises more tenantable, is to be regarded as an improvement.

When improvements are to be considered, the writ of seizin to the officer should notice the fact. If the appraisers commit mistakes they can be corrected before an acceptance of the return of the officer. And the court may give instructions in advance for the guidance of the appraisers, if the pleadings and evidence enable it to do so.

In the calculations for division, the defendant should be allowed the actual value which the permanent additions or improvements contribute to the value of the whole estate; that may be more or less than the cost, although the cost would be, *prima facie*, a fair criterion.

The damages for detention of dower are to be assessed by the jury, unless the parties agree to allow the appraisers to make the assessment, or dispose of the question in some other way; they are usually assessed before the writ of seizin issues, but may be afterwards; the forms are adaptable to circumstances.

ON REPORT.

Action of dower in certain premises in Portland, corner of Brackett and Danforth streets.

*H. D. Hadlock*, for the plaintiff, cited: Coke on Litt. 32; 2 Blackstone, 130; *Perkins* v. *Little*, 1 Maine, 151; *Bolster* v. *Cushman*, 34 Maine, 428; *Littlefield* v. *Paul*, 69 Maine, 527; *Richardson* v. *Wyman*, 62 Maine, 280; *Mallory* v. *Horan*, 12 Abbot, N. Y. Pr. R. 289; R. S., c. 103, § 11; *Hastings* v. *Clifford*, 32 Maine, 134; *McLeery* v. *McLeery*, 65 Maine, 175;

*Walsh* v. *Wilson,* 131 Mass. 535; *Powell* v. *M. & B. M'f'g. Co.* 3 Mason, 368.

*William L. Putnam,* for the defendant.

We ask the court to determine the deduction by reason of the improvements, so the same may be expressed in the warrant to the commissioners. *Walsh* v. *Wilson,* 131 Mass. 535; *Carter* v. *Parker,* 28 Maine, 509, 510.

The demandant having elected, with the knowledge of the existence of the mortgages, to hold under the warranty deed of her husband, and having actually held under it and derived the benefits of such holding, cannot now claim dower.

Whether upon the whole she is a gainer or a loser by the course which she pursued, is not shown in the case, and cannot be computed, because she may die to-morrow and may live for years; and probably is of no importance inasmuch as she exercised her option to retain the freehold, instead of asking for an assignment of her dower, with a full knowledge of the condition of the title.

R. S., c. 103, § 11, providing that in certain cases the widow shall be endowed anew, does not reach this case. The words contained in it referring to the provision made for her "by will or otherwise" are explained by the text in juxtaposition, and the words "or otherwise" refer to the pecuniary provision provided for in section 8.

In *French* v. *Pratt,* 27 Maine, 381, it was held that neither the common law, giving the right to be endowed anew, nor this provision of the statute availed anything where the widow was endowed against common right by her consent.

This shows that this provision of statute is to be strictly construed; and indeed on p. 393 the court approves the position that this provision of statute is in affirmance of the common law, rather than an introduction of a principle entirely new.

The same chapter of the R. S., (c. 103, § 6,) provides that "a married woman of any age may bar her right of dower in an estate conveyed by her husband by joining in the same, or a subsequent deed."

The demandant certainly joined in this deed from her husband, so that the letter of this statute is complied with. She joined in it, and accepted it, and maintained her position under it after his death, with a knowledge of all the circumstances; and the question is whether this, in reference to the present statutes of Maine giving married women full rights of contract, complies with the principles of construction of the statute as well as with its letter, or interposes any principle of law which cuts off dower as against tenant.

Counsel further cited: *Windham* v. *Portland*, 4 Mass. 388; and *McLeery* v. *McLeery*, 65 Maine, p. 173; Greenleaf's Cruise, vol. 1, p. 163, note 2; *French* v. *Lord*, 69 Maine, 537; *Barbour* v. *Barbour*, 46 Maine, 9; *Learned* v. *Cutler*, 18 Pick. 11; *Fowler* v. *Shearer*, 7 Mass. 25; *Stevens* v. *Owen*, 25 Maine, 94; *French* v. *Peters*, 33 Maine, 396.

PETERS, C. J. The question presented is, whether dower can be recovered by the plaintiff upon the following facts: The plaintiff's husband gave her a deed of the *locus*, with covenants of warranty, dated in 1855, delivered in 1868, shortly before his death. As his executrix she returned no inventory of this real estate. The defendant holds under foreclosed mortgages given by the husband in 1863 and 1867. The widow remained in possession of the premises from the death of her husband in 1868 until 1878, being then ousted by the defendant. During the decade of possession by her she made some payments upon the mortgage notes. In 1883 she demanded her dower.

We are of the opinion that the action is maintainable upon the principle of the case of *McLeery* v. *McLeery*, 65 Maine, 172. The learned counsel for the defendant asks our consideration of an apparent distinction between that case and this. There the widow accepted a warranty deed of the fee after the husband's death, when her claim for dower had become a vested interest. Here she accepted the deed before the death of her husband, while her right was inchoate merely and not vested. The difference does not seem to us to be an essential one.

The point most relied upon by the defendant evidently is, that the plaintiff, if not estopped from dower, merely by the acceptance of the deed from her husband, is estopped by her conduct towards other interests and parties. We cannot concur with the views advanced by the defense upon this proposition.

What acts has she done to create an estoppel? She remained in possession. But she did not resort to any active means to keep the defendant out of possession. He ousted her when it pleased him to resort to a remedy. She paid portions of the mortgage debts from time to time. That was, presumably, a compensation or of the nature of compensation for the retention of the use and occupation of the premises. She endeavored to make the husband's deed efficacious and valuable to her. Failing to do so, she abandons it, and proceeds for another right. She made no promises or representations in order to obtain the defendant's indulgence. She has received from him no consideration for a waiver. His mortgages were taken subject to her right of dower, and he has now the same legal rights that he ever had. The old theory of merger by estoppel has no living principle left in it that can apply.

Another question is whether the defendant has erected improvements which should be excluded from the premises out of which the dower may be assigned. Repairs merely are not deductible; while improvements in the form of additions or annexations are. The defendant added an ell containing a kitchen and dining room. That was evidently an improvment and a permanent addition to the estate. The defendant, in the calculations for division, must be allowed the actual value which the new ell contributes to the value of the whole estate. *Reed* v. *Reed*, 68 Maine, 568. That may be more or less than the cost, although the cost would, *prima facie*, be a fair criterion.

The assignment of proportions is for the appraisers or commissioners. If improvements are to be considered, the writ to be issued should require a calculation of them. If there should be omissions or imperfections in the work of the appraisers, a correction can be required before their report is accepted. The court may also act in advance in presenting rules, tests and

theories for the instruction of the appraisers, whenever the pleadings and evidence enable it to do so.

The damages for the detention of the dower are usually to be assessed by the jury, although that question is sometimes also referred to the appraisers. They are usually ascertained in advance of the writ of seizin issuable. But we see no impropriety in its being done afterwards. The forms are easily changed for such purpose, and are adaptable to circumstances.

Upon the facts reported, a writ of seizin should issue to assign and set out dower, allowing for defendant's improvements; the parties to arrange how the damages recoverable may be ascertained.

*Defendant defaulted.*

WALTON, VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.